UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO MANUEL ZAMORA,<br><br>                Petitioner,<br><br>     v.<br><br>JEFF LYNCH,<br><br>                Respondent. | Case No. 1:24-cv-00040-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY, GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(Docs. 2, 6)<br><br><u>FOURTEEN-DAY DEADLINE</u><br><br>Clerk of the Court to Assign District Judge |

On January 9, 2024, Petitioner Santiago Manuel Zamora ("Petitioner"), represented by counsel, filed a petition for writ of habeas corpus by a person in state custody and a motion for stay pending exhaustion of state court remedies.  (Docs. 1-2).  Petitioner requests a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) ("*Kelly*") and, in the alternative, *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines*") while he exhausts state court remedies.  (Doc. 2).  On January 22, 2024, the Court ordered the petition to be served on Respondent and ordered Respondent to file a response to the motion to stay.  (Doc. 4).  On February 12, 2024, Respondent filed an opposition to the motion for stay and in the same pleading, moved to dismiss the petition arguing that Petitioner's "state remand proceeding on the conviction he challenges was still pending."  (Doc. 7) (citing *Younger v. Harris*, 401

1 U.S. 37 (1971)).  Petitioner filed a response to Respondent's opposition and motion to dismiss on
2 March 4, 2024.  (Doc. 9).

3       For the reasons explained below, the Undersigned recommends denying Petitioner's motion for
4 stay, granting Respondent's motion to dismiss, and dismissing the petition without prejudice.

5 **Procedural Background**

6       On March 15, 2016, Petitioner was charged in Kings County Superior Court with premeditated
7 murder.  (Doc. 8-1 at 1).  Numerous firearm allegations also were alleged against Petitioner.  *Id*. at 2.
8 Following a jury trial n July 2019, Petitioner was convicted of second-degree murder and the
9 associated firearm allegations were found true.  *Id*.  Petitioner was sentenced to 15 years to life, plus
10 25 years for the firearm enhancement.  *Id*.

11       Petitioner appealed the judgment to California's Court of Appeal.  *Id*.  On July 27, 2022, the
12 appellate court remanded the matter to the trial court for resentencing.  *Id*.  The appellate court found
13 remand was required to allow the trial court to exercise its discretion pursuant to the newly amended
14 Cal Pen Code § 1385 regarding striking enhancements from a defendant's sentence.  *Id*. at 2, 41-42.
15 On August 24, 2022, Petitioner filed a petition to exhaust state remedies to California's Supreme
16 Court.  (Doc. 8-2).  California's Supreme Court denied the petition for review on October 12, 2022.
17 (Doc. 8-3).

18       On January 9, 2024, Petitioner filed in this Court the instant petition for writ of habeas corpus.
19 (Doc. 1).  Petitioner raises the following claims: (1) the trial court erroneously admitted his
20 involuntary statements to police, (2) prosecution's misconduct and suppression of favorable material
21 evidence, (3) the trial court erroneously excluded expert gang testimony, (4) the trial court erroneously
22 excluded percipient witnesses to the critical issue of whether he was shot and shot back in self-
23 defence, and (5) ineffective assistance of counsel.  (Doc. 1-1).  Petitioner acknowledges he has not yet
24 exhausted claim two, to the extent it alleges prosecutorial misconduct other than a *Brady v. Maryland*,
25 383 U.S. 83 (1963) ("*Brady*") violation, and separately, claim five.  *Id*. at 12.  Plaintiff concurrently
26 filed the instant motion for stay pursuant to *Kelly* and/or *Rhines*.  (Doc. 2).

27       In connection with his opposition to stay and in support of his motion to dismiss, Respondent
28 lodged several documents related to Petitioner's state court proceedings.  (Doc. 8).  Following his

filing of a response to Respondent's opposition to stay and motion to dismiss, on March 11, 2024, Respondent lodged a "[s]ummary of Kings County Superior Court case number 11CMS-4083, showing [a] hearing on remitter" with the Court. (Doc. 10). As of the date of filing, Petitioner's remand proceedings are still pending in the Kings County Superior Court. (Doc. 10-1).

**Discussion**

1. Applicable Legal Authority

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Under 28 U.S.C. § 2254(b)(1), a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the *applicant* has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Libberton v. Ryan*, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971).

As Petitioner acknowledges, his federal habeas corpus application contains both exhausted and unexhausted claims for relief. (Doc. 1-1 at 12). Therefore, it is considered a "mixed" federal habeas petition. The court may stay a mixed petition pending exhaustion if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. *Rhines*, 544 U.S. at 278. If a petitioner fails to establish any of these three factors, then a *Rhines* stay is not appropriate. However, a *Kelly* stay may still be granted even absent a showing of good cause for failure to exhaust state court remedies. *See King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009). A *Kelly* stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing

petitioner the opportunity to return to state court to exhaust the deleted claims, and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition.[1]

Separately, under *Younger*, federal courts may not interfere with a pending state criminal prosecution absent extraordinary circumstances. 401 U.S. at 45; *Potero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011). Abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing, (2) that implicates important state interests, (3) in which there is an adequate opportunity to raise constitutional challenges, and (4) the requested relief either seeks to enjoin, or has the practical effect of enjoining, the ongoing state judicial proceedings. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) (adding the "vital and indispensable fourth element…"). All four elements must be satisfied to warrant abstentions. *Id*. If all of these factors are met, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving proven harassment by state officials, prosecutions undertaken "in bad faith without hope of obtaining a valid conviction," or where "irreparable injury can be shown."); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).

2. Analysis

Respondent argues dismissal is required because Petitioner's state criminal judgment is not yet final while remand proceedings are pending. (Doc. 7 at 2-3). Respondent argues the State has an important interest in passing on and correcting any violations of a defendant's rights. *Id*. at 3. Respondent avers "Petitioner has not made any showing of the extraordinary circumstance that he will suffer immediate and great irreparable harm if the Court abstains until after state proceedings are

---

[1] If, however, the one-year statute of limitations period has expired by the time the petitioner returns to federal court, new claims may be amended into a pending federal habeas petition only if they share a common core of operative facts with the claims in the pending federal habeas petition. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "A new claim does not 'relate back' to the filing of an exhausted petition simply because it arises from the 'same trial, conviction, or sentence.'" *King*, 564 F.3d at 1141 (quoting *Mayle*, 545 U.S. at 662-64). In other words, unlike the *Rhines* procedure, the *Kelly* procedure "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *Id*.

4

complete and final." *Id*. Respondent asserts the one-year limitation period for Petitioner's federal habeas challenge has not yet started running as his judgment is not final. *Id*.

Petitioner contends the remand proceedings are collateral and unrelated to the issues raised in his petition. (Doc. 9 at 2). Petitioner asserts the claims he presents in his petition have undergone "final judgment" and the state proceedings are no longer ongoing. *Id*. at 5. Petitioner avers the court's equitable principles and powers should not permit him to languish in prison based on a potential sentencing issue that may apply to his case when that is not the issue raised in his petition. *Id*. at 6. Petitioner relies on *Phillips v. Vasquez*, 56 F.3d 1030 (9th Cir. 1995), to support his contention that *Younger* abstention is not appropriate in the instant case. *Id*. at 4-5.

"The question of whether a federal court should abstain from exercising jurisdiction over a habeas petition challenging a conviction when there is no final decision regarding the sentence has been addressed in [*Phillips*], and *Edelbacher v. Calderon*, 160 F.3d 582 (9th Cir. 1998)." *Lopez v. Hixton*, No. 1:23-cv-01368-JLT-EPG-HC, 2024 WL 1049824, at *2 (E.D. Cal. Feb. 2, 2024), findings and recommendations to dismiss petition adopted, 2024 WL 1661598 (April 17, 2024).

In *Phillips*, fifteen years passed since the petitioner had been convicted of murder and first sentenced to death, and ten years since the state supreme court affirmed his conviction and vacated his sentence. *Lopez*, 2024 WL 1049824, at *2 (citing *Phillips*, 56 F.3d at 1032). Phillips was resentenced to death and there was "no end in sight" or "indication that Phillips' appeal from his [re]sentence [would] be decided anytime in the near future." *Id*. (citing *Phillips*, 56 F,3d at 1032, 1038). The Ninth Circuit held that "[i]n light of the extraordinary delay…Phillips may bring his habeas petition regarding the constitutionality of his conviction despite the fact that the state has not yet made a final ruling on his sentence." *Id*. (citing *Phillips*, 56 F,3d at 1033).

In *Edelbacher*, the Ninth Circuit held that "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." *Lopez*, 2024 WL 1049824, at *2 (citing *Edelbacher*, 160 F.3d at 582-83). The *Edelbacher* panel emphasized that the *Phillips* holding was narrow and clarified that *Phillips* was distinguishable "in several material respects:

> (1) a retrial of the penalty phase in state court is ongoing; (2) there is no assignment of the necessary capital or non-capital status in this case; (3) there are no "unusual circumstances" which might suggest that "no end is in sight" to the state court proceedings and (4) the delay in question is not attributable to an "ineffective" state process, but primarily to the extended proceedings relating to the guilt issue."

*Lopez*, 2024 WL 1049824, at *2 (citing *Edelbacher*, 160 F.3d at 584).

Similarly here, the Undersigned finds the instant case is more akin to *Edelbacher*. At the time the petition was filed, Petitioner's resentencing was pending, there are no unusual circumstances suggesting "no end is in sight" to the state court proceedings, and there has not been any extraordinary delay in the state court proceedings attributable to an ineffective state process. Thus, the Court should decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action. *See e.g., Wash v. Shirley*, No. 1:21-cv-01504-JLT-SAB, 2022 WL 721669, at *1 (E.D. Cal. Feb. 4, 2022); *Nunn v. Hill*, No. 2:22-cv-01396-TLN-EFB (HC), 2022 WL 17813156, at *1 (E.D. Cal. Dec. 12, 2022) (findings and recommendations adopted on February 22, 2023).

**Conclusion**

Since Petitioner has an ongoing resentencing in state court concerning his firearm enhancement (Doc. 10-1), the instant action is premature and should be dismissed without prejudice. Accordingly, it is HEREBY ORDERED:

1. The Clerk of Court is DIRECTED to randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations;

And IT IS HEREBY RECOMMENDED

1. Petitioner's motion for stay pending exhaustion of state court remedies (Doc. 2) be DENIED;
2. Respondent's motion to dismiss (Doc. 7) be GRANTED; and
3. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, the parties may file written objections with the

Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 29, 2024**

UNITED STATES MAGISTRATE JUDGE